IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Submitted on briefs, August 21, 2009

## JEROME WILLIAMS v. GEORGE LITTLE, et al.

**Direct Appeal from the Chancery Court for Davidson County**
**No. 08-394-I     Hon. Claudia C. Bonnyman, Chancellor**

_____

**No. M2008-02105-COA-R3-CV - Filed October 20, 2009**
_____

Petitioner sought to withdraw a waiver he had signed as a prisoner. On a summary judgment motion by defendants, the Trial Court held that if the waiver was withdrawn, petitioner would serve more time and granted the motion. On appeal, we affirm the grant of summary judgment.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Jerome Williams, Clifton, Tennessee, *pro se*.

Arthur Crownover, Nashville, Tennessee, for appellee.

### OPINION

Petitioner, Jerome Williams, a prisoner acting *pro se*, petitioned for a "Declaratory Order", asking that his sentence be recalculated to reflect the proper sentence reduction credits. Petitioner stated that he had been in custody since March 1986, and that the crimes he committed were before the sentence reform act of 1989. Petitioner stated that he had signed a waiver which only allowed him to receive a minimum amount of sentence reduction credits, and that he wanted

to retract the waiver because he was not advised that he was entitled to more credit.

Petitioner attached a copy of a letter he received from TDOC counsel, which stated that his petition was denied because he was already earning the proper credits. He also attached various TDOC documents regarding the waivers, and the sentencing guidelines.

The Trial Court entered an Order on February 28, 2008, stating that the petitioner had not complied with the filing of his filing fee or affidavit of indigency, had not filed the required inmate affidavit, nor had he paid his litigation tax, and had not issued a proper summons.

The Court stated that the petitioner needed to do so immediately in order to avoid dismissal of the action. The Court then entered an Order of Dismissal on April 13, 2008, stating that petitioner had not complied with the requirements set forth in the prior Order.

Petitioner then filed an Inmate Affidavit, along with a copy of his trust account statement, and thereafter the Court entered an Order Reopening Case and Requiring Partial Payment of Initial Filing Fee. The Order states that petitioner had substantially complied with the filing requirements, and needed only to pay $8.68 within 30 days to maintain the action.

Defendant then filed a Motion for Summary Judgment on July 1, 2008, stating that petitioner's sentence had been correctly calculated, and that he was receiving the proper sentence reduction credits. Defendant attached the Affidavit of Candace Whisman, TDOC Director of Sentence Management Services, to that effect. Defendant argued that there were no genuine issues of material fact, and the Affidavit of Candace Whisman explains the calculation of petitioner's remaining sentence in detail, and stated that he has received the maximum allowed sentence reduction credits. Whisman also stated that if petitioner rescinded his waiver, his sentence would actually increase. Petitioner's sentencing documents were attached to the Motion.

The Trial Court granted the Motion for Summary Judgment, stating that petitioner had failed to file any response to the Motion for Summary Judgment, and there was no disputed issue of fact.

Petitioner filed notice of appeal, which stated: "Did the Trial Court err in granting summary judgment to defendant on petitioner's claim that his remaining sentence was incorrectly calculated".

Petitioner argues the Trial Court erred in granting summary judgment because his sentence was miscalculated.

It is well-settled in Tennessee that:

the party seeking summary judgment must carry the burden of persuading the court that no genuine and material factual issues exist and that it is, therefore, entitled to

judgment as a matter of law. Once it is shown by the moving party that there is no genuine issue of material fact, the nonmoving party must then demonstrate, by affidavits or discovery materials, that there is a genuine, material fact dispute to warrant a trial. In this regard, Rule 56.05 provides that the nonmoving party cannot simply rely upon his pleadings but must set forth specific facts showing that there is a genuine issue of material fact for trial.

*Byrd v. Hall*, 847 S.W.2d 208 (Tenn. 1993)(citations omitted).

The Tennessee Rules of Civil Procedure require: "Any party opposing the motion for summary judgment must . . . serve and file a response to each fact set forth by the movant . . . .. Each disputed fact must be supported by specific citation to the record." Tenn. R. Civ. P. 56.03. "[A]n adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but his or her response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Tenn. R. Civ. P. 56.06.

In this case, Ms. Whisman's affidavit showed that petitioner was receiving the maximum credits that he could, and gave a detailed calculation of his release date. The affidavit further unequivocally stated hat if he were allowed to rescind the waiver, as he sought, his sentence would actually increase. Petitioner did not file any affidavit nor documentation of any kind to demonstrate otherwise. Thus, as the Trial Court found, defendant clearly showed that there was no genuine issue of material fact, and that defendant was entitled to summary judgment as a matter of law.

The Trial Court did note, however, that defendant failed to file any supporting memorandum or statement of facts with citations to the record, but found the affidavit was sufficient and thus apparently waived those requirements from Tenn. R. Civ. P. 56.03.

We have previously stated, "we agree with counsel for the Defendants that the provision of Rule 56.03 of the Tennessee Rules of Civil Procedure, directing a simple concise statement of the material facts to accompany any motion for summary judgment, is for the benefit of the trial court, and could be, as it was in this case, waived. Moreover, even if we were to find that this issue has merit, it would require remand to the Trial Court where another motion for summary judgment could be made, meeting the omitted requirement of Rule 56.03." *See, Butler v. Diversified Energy, Inc.*, 1999 WL 76102 (Tenn. Ct. App. Jan. 28, 1999).

In sum, the Trial Court held that the affidavit was sufficient to set forth the necessary material facts, and properly waived the filing of a formal statement pursuant to Rule 56.03. The affidavit demonstrated there was no genuine issue of material fact, and the burden then shifted to petitioner to show that there was a genuine issue, and since petitioner filed no response, summary judgment was appropriately granted.

The Judgment of the Trial Court is affirmed and the cost assessed to Jerome Williams.

_____
HERSCHEL PICKENS FRANKS, P.J.